UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROWYDA Q.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5255 RSM

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

       Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits.  Plaintiff contends the ALJ erred by rejecting her testimony and two medical opinions and erred in evaluating her nerve root compression.  Dkt. 24.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

       Plaintiff is 50 years old, has a high school education, and has worked as an accounting clerk and a child monitor.  Dkt. 22, Admin. Transcript (Tr.) 60.  Plaintiff applied for benefits in January 2017, alleging disability as of September 23, 2016.  Tr. 48.  After conducting a hearing in January 2019, the ALJ issued a decision finding Plaintiff not disabled.  Tr. 76-155, 48-62.  In

pertinent part, the ALJ found Plaintiff had the severe impairments of multiple sclerosis (MS),

lumbar spine degenerative disc disease, status post cervical spine surgery, asthma, major

depressive disorder, and generalized anxiety disorder.  Tr. 50.  Plaintiff's impairments did not

meet the requirements of listed impairment 1.04 related to nerve root compression.  Tr. 51.

Plaintiff could perform sedentary work, frequently handling and fingering, with occasional

public interaction.  Tr. 53.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if

the ALJ's decision is based on legal error or not supported by substantial evidence in the record

as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.      Plaintiff's Testimony**

The ALJ could only discount Plaintiff's testimony as to symptom severity for "specific,

clear, and convincing" reasons supported by substantial evidence.  *Trevizo*, 871 F.3d at 678.

At the January 2019 hearing, Plaintiff testified to hand pain, weakness, numbness,

tingling, and stiffness; lower back pain; overall weakness and tiredness; and anxiety and

depression.  Tr. 92, 93, 97.  She is "always tired."  Tr. 106.  She had right hand surgery, which

initially helped, but later her hand got "worse and worse every day."  Tr. 100-01.  She has

difficulty holding items and sometimes drops them.  Tr. 131-32.

**1.      Physical Symptom Testimony**

The ALJ discounted Plaintiff's physical symptom testimony based on inconsistency with

the medical evidence, effective treatment, and her activities.  Tr. 58.

**a)      Inconsistency with Medical Evidence**

An ALJ may reject claimant testimony if it is contradicted by the medical evidence, but

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

1   not for mere lack of support by objective medical evidence.  *Carmickle v. Comm'r, Soc. Sec.*

2   *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

3   2001).

4        The ALJ cited full grip strength and normal range of motion, which contradicted

5   Plaintiff's testimony of hand weakness and difficulty moving her hands.  Tr. 58; Tr. 944 ("5/5

6   motor strength … including bilateral grip strength"), 451 ("Normal ROM in … all 10 digits and

7   bilateral wrists").  This was a clear and convincing reason to discount Plaintiff's hand symptom

8   testimony.

9        Regarding other physical impairments, the ALJ failed to show contradiction by the

10   medical evidence.  The ALJ cited three treatment notes where Plaintiff reported "feeling well"

11   generally, but she also reported persistent back and extremity pain and numbness.  Tr. 1123-24,

12   1128, 1134-35.  The ALJ also listed several medical findings, such as normal gait or normal

13   range of motion and no midline tenderness in the back, but did not explain how the findings

14   contradicted Plaintiff's testimony.

15        The Commissioner contends consistent clinical findings of normal gait contradict

16   Plaintiff's testimony "there were times that she 'couldn't walk.'"  Dkt. 25 at 5 (quoting Tr. 123).

17   However, the ALJ did not interpret Plaintiff's testimony that way.  *See* Tr. 54 ("She testified it

18   hurt to walk a lot.  She testified she could walk about half a city block before needing to rest.").

19   In context, the testimony the Commissioner cites indicates Plaintiff had a neighbor and even

20   though the "neighbor live[d] close to [her she] couldn't walk" that far and had to "use the car."

21   Tr. 123.  The Court reviews the ALJ's decision "based on the reasoning and findings offered by

22   the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been

23   thinking."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).  The

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

1    Commissioner's *post hoc* reasoning fails.

2          The Commissioner also contends clinical findings of normal muscle strength in the

3    extremities contradict Plaintiff's testimony of feeling weak and sick.  Dkt. 25 at 6.  But Plaintiff

4    testified to weakness more generalized than just in the extremities, and the Commissioner fails to

5    consider reasons other than muscle strength levels that could underlie Plaintiff's feelings of

6    weakness and sickness.  With severe impairments including MS, asthma, and degenerative disc

7    disease, there are other potential reasons one might feel weak and sick.

8          Finally, the Commissioner contends treatment notes describing Plaintiff as in no acute

9    distress or no apparent distress contradict her reports of pain and weakness.  Dkt. 25 at 7-8.

10   Because Social Security disability benefits are not available based on acute conditions, a lack of

11   acute distress is not pertinent to the ALJ's inquiry into chronic conditions.  And doctors'

12   observations of no apparent distress demonstrate only a lack of supportive objective evidence,

13   not a contradiction by the medical evidence.  The Commissioner's citation to *Rollins* is

14   inapposite because it relates to discounting a medical opinion, not claimant testimony, which

15   cannot be rejected for mere lack of supporting objective evidence.  261 F.3d at 856 (doctor's

16   notes, such as description of "no acute distress," prescription for conservative treatment, and

17   recommendation only to "avoid strenuous activities," were sufficient to reject doctor's opinion of

18   total disability); *see* Dkt. 25 at 8.

19         Inconsistency with medical evidence was a valid reason to discount Plaintiff's hand

20   symptom testimony but not other physical symptom testimony.

21              b)      **Effective Treatment**

22         "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim

23   of disability."  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).  The ALJ found

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

"medication has been successful in controlling the claimant's MS symptoms" because after a January 2018 relapse she had no more relapses until at least November 2018.  Tr. 58 (citing Tr. 1069).  Plaintiff contends she continued to experience severe symptoms even between relapses. Dkt. 24 at 14-15.  The treatment note the ALJ cited documented decreased motor strength in all extremities, diminished reflexes, "significant swelling" of the right hand, ataxic gait, and positive Romberg test.  Tr. 1070.  This was not substantial evidence supporting the ALJ's finding Plaintiff's impairments were successfully controlled.

### c)    Plaintiff's Activities

An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or meet the threshold for transferable work skills.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  The ALJ identified taking care of her son, bathing, dressing, preparing meals, doing laundry, driving, and shopping in stores, but failed to explain how these activities contradict any of Plaintiff's testimony. Tr. 59.  The Commissioner contends these activities require use of Plaintiff's hands.  Dkt. 25 at 8.  This was an additional reason to discount Plaintiff's testimony of hand symptoms, but not her remaining testimony.  The Commissioner makes the bizarre argument that managing finances is inconsistent with feeling ill every day, but fails to explain how.  Dkt. 25 at 8.

The Court concludes the ALJ erred by discounting Plaintiff's physical symptom testimony except as related to her hand impairments.

### 2.    Mental Symptom Testimony

The ALJ discounted Plaintiff's mental symptom testimony based on inconsistency with the medical evidence, effective treatment with medication, minimal counseling, and her activities.  Tr. 58-59.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

1

###         a)        Inconsistency with Medical Evidence

2          The ALJ discounted Plaintiff's mental symptom testimony based on treatment notes

3    indicating Plaintiff was "negative for depression" and showing normal or appropriate mood and

4    affect.  Tr. 58.  As Plaintiff notes, she suffers from both depression and anxiety.  Some treatment

5    notes the ALJ cited showing depression absent still show anxiety and other mental symptoms

6    present.  *See*, *e.g.*, Tr. 896 ("tense and anxious"; "spontaneous crying"), Tr. 897 (anxious mood).

7    Others are basic screenings from appointments primarily focused on physical symptoms.  *See*,

8    *e.g.*, Tr. 1090, 1321 ("chronic pain").[1]  Where mental health specialists regularly documented

9    serious mental health symptoms and clinical findings, the records the ALJ cited were not a clear

10   and convincing reason to discount Plaintiff's testimony.

11         ###         b)        Effective Treatment

12         The ALJ found "medication has been successful in controlling the claimant's symptoms."

13   Tr. 58.  The ALJ cited treatment notes showing "good symptom control" and "stable" depression

14   and anxiety.  Tr. 59.  However, as Plaintiff contends, significant symptoms remained.  Even the

15   treatment notes the ALJ cited describe "frequent crying spells" and worry that feels "like

16   choking."  Tr. 900, 904.  Substantial evidence does not support the ALJ's finding of effective

17   symptom control.

18         ###         c)        Lack of Treatment

19         "[A]n unexplained, or inadequately explained, failure to seek treatment or follow a

20   prescribed course of treatment" can constitute a sufficient reason for discrediting a claimant's

21   symptom testimony).  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  The ALJ identified no

22

23   ───────────────

[1] Moreover, when discussing chronic pain and other symptoms from a progressive, irreversible disease,
"appropriate" affect is not necessarily inconsistent with depression or anxiety.  *See*, *e.g.*, Tr. 1101.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

prescribed or recommended course of treatment Plaintiff failed to follow, but cited "no …

hospitalization" and "minimal counseling." Tr. 59. There is no indication the lack of extreme

measures such as hospitalization was inconsistent with Plaintiff's testimony. Plaintiff was in

monthly counseling since January 2018, and neither the ALJ nor the Commissioner explain why

this level of treatment is inconsistent with Plaintiff's testimony. Tr. 893-933. The

Commissioner contends Plaintiff's "resistance" to treatment undermined her complaints, but

points to no evidence of resistance. Dkt. 25 at 10-11.

Lack of treatment was not a clear and convincing reason to discount Plaintiff's testimony.

### d) **Plaintiff's Activities**

The ALJ cited handling funds, watching television, reading, spending time with others on

Facebook, and going on walks with her neighbor. Tr. 59. Using Facebook or going on a walk

with one friend is not inconsistent with Plaintiff's testimony of anxiety around strangers in

person. The ALJ failed to explain how any of the other activities contradict Plaintiff's

testimony. Conflict with activities was not a clear and convincing reason to discount Plaintiff's

testimony.

The Court concludes the ALJ erred by discounting Plaintiff's mental symptom testimony.

**B.   Medical Opinions**

The ALJ could only reject examining doctors' contradicted opinions for "specific and

legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

### 1.   **Gary Gaffield, D.O.**

Dr. Gaffield's opinion Plaintiff could perform "[m]anipulative activities … occasionally"

was based on "her hand condition, tingling, slightly diminished grip." Tr. 490. The ALJ

discounted this opinion as inconsistent with medical evidence of full strength, no tenderness,

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

intact sensation, and normal reflexes.  Tr. 59.  Dr. Gaffield's objective clinical findings were normal except for diminished grip and wrist strength.  Tr. 489-90.  He documented Plaintiff's reports of tingling but found no sensory loss.  Tr. 489.

Treatment providers consistently found normal or intact strength in the hands, in contrast to Dr. Gaffield's finding.  Tr. 504, 709, 944, 1030.  This conflict with the longitudinal objective medical evidence, in one of the key findings his opinion was based on, was a specific and legitimate reason to discount Dr. Gaffield's opinion.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (physician's opinion may properly be rejected where it is contradicted by other medical evidence in the record).

The Court concludes the ALJ did not err by discounting Dr. Gaffield's opinion.

### 2.      Philip Vannoy Gibson, Ph.D.

Dr. Gibson opined Plaintiff would not have difficulty with most work-related tasks but "would have difficulty maintaining regular attendance in the workplace [and] completing a normal workday/workweek" because she has "very limited contact with the outside world and has difficulty leaving home and getting out of bed."  Tr. 482.  Dr. Gibson acknowledged "subjective evidence is the only evidence available to support" these opinions.  *Id.*

The ALJ gave Dr. Gibson's opinions "little weight" because the opinions were based on Plaintiff's self-reports, the opinions were inconsistent with Dr. Gibson's finding of normal concentration, persistence, and pace, and Dr. Gibson did not describe a specific level of functioning.  Tr. 59.  First, because the ALJ erred by discounting Plaintiff's mental symptom testimony, reliance on her self-reports was not a valid reason to discount Dr. Gibson's opinions.  Second, Dr. Gibson found normal concentration but did not make findings on persistence or pace and, in any case, Plaintiff's concentration, persistence, and pace at work are moot if she cannot

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

attend work reliably.  *See* Tr. 481.  And finally, lack of specificity was not a valid reason to

discount Dr. Gibson's opinions.  The Court must uphold the ALJ's reasonable interpretation of

the evidence, but here the ALJ did not even attempt to interpret Dr. Gibson's opined limitations.

Given the ALJ's errors in addressing both medical evidence and testimony regarding Plaintiff's

mental impairments, on remand the ALJ should reconsider Dr. Gibson's opinions.

The Commissioner's arguments that Dr. Gibson's opinions were contradicted by normal

clinical findings, Plaintiff's activities, and improvement with treatment are *post hoc* arguments

on which this Court cannot rely.  *Bray*, 554 F.3d at 1225.

The Court concludes the ALJ erred by discounting Dr. Gibson's opinions.

**C.    Listed Impairments**

Plaintiff contends the ALJ erred in finding her impairments did not meet or equal listing

1.04 because the medical evidence established nerve root compression, which is one of the

requirements.  Dkt. 24 at 17.  Plaintiff fails to show the error would be harmful, however,

because she identifies no evidence she met the other requirements, *i.e.*, limitation of spine

mobility and motor/sensory loss.  20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04A.  Nevertheless,

because this case must be remanded on other grounds, Plaintiff will have the opportunity to

identify evidence related to the requirements of listing 1.04.

**D.    Scope of Remand**

Plaintiff's request for remand for benefits is premised on Dr. Gaffield's opinion.  Because

the ALJ did not err by discounting this opinion, Plaintiff's argument fails.  The Court concludes

remand for further administrative proceedings is appropriate.  *See Leon v. Berryhill*, 880 F.3d

1041, 1044 (9th Cir. 2017) (Remand for an award of benefits "is a rare and prophylactic

exception to the well-established ordinary remand rule.").

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reconsider Plaintiff's testimony except related to hand impairments, reconsider Dr. Gibson's opinions, reevaluate the RFC as appropriate, and proceed to step five as necessary.

DATED this 4th day of December, 2020.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10